## W. D. COLLINS AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11148. Promulgated August 1, 1927.

Inaccuracies in return filed due to loss of records and physical condition of petitioner *held* insufficient to justify penalty for filing false and fraudulent return.

*J. M. McMillin, Esq.*, for the petitioners.
*Thomas M. Wilkins, Esq.*, for the respondent.

This proceeding results from the determination by the respondent of deficiencies in income tax for the calendar years 1919, 1920, 1921, 1922,

and 1923, in the amount of $25,049.86. For the years 1920 and 1921, the respondent asserts the 50 per cent fraud penalty pursuant to the provisions of section 250(b) of the Revenue Acts of 1918 and 1921. At the hearing of this proceeding, the petitioner conceded the correctness of the tax for all years as determined by the respondent, but assigned error in the imposition of the 50 per cent fraud penalty for the years 1920 and 1921.

### FINDINGS OF FACT.

Petitioner and wife reside at Denison, Tex., and since 1900, have been engaged in the business of selling bank fixtures and safes. The fixtures and safes were usually sold on terms by which payments were made monthly, the payments extending from 12 to 36 months. A large volume of sales were made in the year 1918, and at the end of the year the petitioner decided to discontinue the sale of safes, discontinued the employment of traveling salesmen, and thereafter, only sold safes upon the receipt of occasional mail orders. On January 1, 1919, petitioner had on hand approximately $75,000 face value of notes taken for the sale of safes in the previous years. The notes themselves and a card record showing when the notes were due, were the only record petitioner maintained. As the notes were paid, such payments were noted on the card record and also in the cash book, although generally there were no notations on the cash book to indicate that the payment received was to be applied on a safe note. When a note was paid, the same was returned to the maker, thus leaving only a card record of the payment thereof in the office of the petitioner and a possible notation on the cash book. Many of the notes received from the sale of safes and fixtures in 1918, were finally collected in the years 1919, 1920, and 1921. Petitioners kept their books of account and reported their income for all the years, on the cash receipts and disbursements basis.

In the year 1918, W. D. Collins suffered a serious illness and placed himself under the care of a physician, who advised an immediate operation. Collins felt that he could not take the time from his business to have the same performed in 1918. During the year, he was in a highly nervous state and could give very little time to business matters. His physical condition grew progressively worse during 1919 and 1920, and in September, 1921, he suffered a complete physical breakdown, resulting in two operations being performed on him in 1921 and two operations in 1922. Subsequent to the last operations being performed, he traveled in order to regain his health, and has not to the date of the hearing of this proceeding fully recovered.

During the serious illness of Collins his wife attempted to attend to his business affairs. She concluded that the offices should be

moved to smaller quarters, and in moving the files, gave orders that all of the records relating to business of previous years be destroyed, believing them of no value. The records destroyed showed the expenditures of the business for previous years, as well as the sales made upon which collections were being made in 1920 and 1921. When the agent of the respondent, in 1924, attempted to check the records of petitioner, for years 1920 and 1921, he was unable to locate necessary records, and determined the income on a percentage basis.

Petitioner employed a certified public accountant to assist in the audit of the respondent, and the reports of his auditors were used largely as a basis for determining the deficiencies for the years in question.

In making his income-tax return for 1920, Collins consulted a deputy collector for advice in the preparation of same, and estimated the amount of income received. He made his return for the year 1921, while in a hospital at Rochester, Minn., and estimated what he believed to be his true income for that year.

### OPINION.

MILLIKEN: The only issue presented by this proceeding, is whether the petitioner filed a false and fraudulent return with intent to evade tax for the calendar years 1920 and 1921. The tax proper is admitted. The respondent has determined the deficiencies, attributing one-half the income to the husband and one-half to the wife, with fraud penalties against each.

We are of the opinion that petitioner did not file his returns for the years 1920 and 1921 with intent to evade the payment of the proper tax due and owing. During these years he was, had for two prior years been, and still is suffering from a serious illness. During 1920 and 1921, he was able to give only scant attention to his business affairs. During the serious illness of petitioner, his wife, without knowledge of the value of his records, caused them to be destroyed. From the destroyed records, the income could have been satisfactorily determined. Collections made in 1920 and 1921 from installment notes, representing sales made in prior years, have been included in income for 1920 and 1921, but which petitioner is unable to refute, due to loss of records. When the respondent began his investigation of the returns filed the petitioner engaged the services of a certified public accountant to assist, and from the report made by such accountant the deficiencies have been largely determined.

Petitioner may have been negligent in not filing amended returns before the Government caused an investigation to be made that would have shown his true income for the years in question. Due

to his physical condition during those years, we do not think this negligence on his part is sufficient warrant for the imposition of the fraud penalty pursuant to the provisions of section 250(b) of the Revenue Acts of 1918 and 1921. The respondent was in error in seeking to impose the same.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MARQUETTE, and VAN FOSSAN.